UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RAYMOND DOUGLAS HENNAGIR,
    Plaintiff,

v.                                                 CASE NO.:

SHERBROOKE APTS., INC. and
MITCHELL SCOTT NOVICK, Individually
    Defendants,
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, RAYMOND DOUGLAS HENNAGIR, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, SHERBROOKE APTS, INC.. and MITCHELL SCOTT NOVICK (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff maintains a residence in Arlington, Texas, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of his hands. Plaintiff is unable to tightly grasp, pinch and twist of some fingers. When ambulating beyond the comfort of Plaintiff's own home, Plaintiff must primarily rely on a wheelchair. Plaintiff requires accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access aisles must be of sufficient width so that he can embark and disembark from a ramp into his vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. Plaintiff has difficulty operating door

knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. Plaintiff is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning his legs. Sinks must be at the proper height so that he can put his legs underneath to wash his hands. Plaintiff requires grab bars both behind and beside a commode so that he can safely transfer and he has difficulty reaching the flush control if it is on the wrong side. Plaintiff has difficulty getting through doorways if they lack the proper clearance.

2. For many years, Plaintiff has repeatedly traveled throughout the United States and currently requires living accommodations when visiting family and friends and when visiting cities. Plaintiff is oftentimes unable to meet friends due to their accommodation limitations so Plaintiff is beginning to rely in places of public accommodation to meet Plaintiff's disability accommodation needs.

3. Plaintiff is a disabled veteran who had his legs blown up by an I.E.D. blast defending our Country. Now that Plaintiff is unable to physically fight for our Country, he has decided to become an activist in certain aspects of the ADA so that places of public accommodation comply with the law. In particular, Plaintiff is demanding that Defendants comply with the easiest requirement for hotels and motels to meet - that is, for hotels and motels to simply provide disabled persons information as to the hotel's accessibility when a disabled person visits Defendants' web site in order to be able ascertan whether the Defendants' rooms and hotel meets the disability needs of the Plaintiff.

4. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA. As it pertains to websites, which is the subject of this complaint, the website must provide enough specific information as to the room access, juxtaposition of fixtures, and accessibility of facility so that disabled persons may make informed decisions as to whether the facility meets the purpose of the disabled person.

5. Defendant, MITCHELL SCOTT NOVICK owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that NOVICK owns is a place of lodging known as Sherbooke Apartment, and is located in the County of Miami-Dade (hereinafter "Property"). Defendant, SHERBROOKE APTS., INC. operates the place of public accommodations. The property address is 901 Collins Avenue, Suite 207, Miami Beach, Florida 33139.

6. Venue is properly located in the Southern District because the Defendants' lodging is located in the Southern District of Florida and does its primary business in the Southern District of Florida.

7. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

8. As the owner and operators of the subject place of lodging, Defendants are required to comply with the ADA. As such, Defendants are required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

9. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: **Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

10. These regulations became effective March 15, 2012.

11. Defendants, either itself or by and through a third party, implements, operates, controls and or maintains a website for the Property which contains an online reservations system. This website is located at HTTP://WWW.SHERBROOKEHOTEL.COM

This term also includes all websites owned and operated by Defendants or by third parties to book or reserve guest accommodations at the hotel. The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

12. Prior to the commencement of this lawsuit, Plaintiff visited the website for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and Plaintiff's accessibility needs. However, Plaintiff was unable to do so because Defendants failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Specifically, the website indicates that the hotel offers various kinds of sleeping accommodations, but no information as to whether any of the rooms are accessible is readily

available. Nor does the website contain readily available information as to whether or where it offers compliant/accessible roll-in showers, tubs, built in seating, commodes, grab bars, sinks, wrapped pipes, sink and door hardware, properly located amenities, sufficient maneuvering spaces, compliant doors, furniture, controls and operating mechanisms. In the common areas, the website contains no readily available information as to whether there is compliant handicap parking and where said parking is located. Nor does Defendants' website contain any information as to whether all goods, facilities and services at the property are connected by a compliant accessible route. Nor does the website contain any information as to the accessibility of routes connecting all the features of the hotel, the transaction counter, common area restrooms.

13. Additionally, prior to the commencement of this lawsuit, Plaintiff sent a certified letter to Defendant SHERBROOKE APT., INC. asking Defendants to update the web site to contain the accessibility information required. As of the date of filing the lawsuit, Defendants have failed to properly update the website, and has failed to enter into a binding agreement with PLAINTIFF that would obligate DEFENDANTS to continue to keep their Web Site compliant. As such, Defendants were given an opportunity to avoid litigation, but they failed to act in good faith.

14. In the near future, Plaintiff intends to revisit Defendants' website and/or online reservations system in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.

15. Plaintiff is continuously aware that the subject website remains non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless he is willing to suffer additional discrimination. Moreover, based on the behavior of Defendants and their bad faith, only an executed agreement to update and keep the web site compliant would be acceptable to PLAINTIFF.

16. The violations present at Defendants' website infringes on Plaintiff's right to travel free of discrimination and deprive him of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of

the discriminatory conditions present at Defendants' website. By continuing to operate a website with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' website, and knowing that it would be a futile gesture to return to the website unless he is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining a website with violations, Defendants deprive Plaintiff the equality of opportunity offered to the general public.

17. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to modify their website to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

18. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this website. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

19. The Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

20. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

21. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods,

services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

23. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the subject website to make it readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendants cure their violations of the ADA.

24. The injunctive relief requested (to fix a web site with ADA accessibility information) is easily and inexpensively fixable. Plaintiff sent a demand letter to Defendants asking to make the appropriate changes to the web site, and Defendants refused to make the changes, or otherwise, ignored Plaintiff's demands, or otherwise, made changes which are inconsistent with the changes that are needed for Plaintiff to be able to make an informed decision as to whether the Defendants' lodging meets Plaintiff's concerns and disability issues.

**WHEREFORE,** Plaintiff respectfully requests:
a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

b. Injunctive relief against the Defendants including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED this 1st day of November, 2018.

                                     ARCADIER, BIGGIE, AND WOOD, PLLC.

                                     */s/ Maurice Arcadier, Esquire*
Maurice Arcadier, Esquire
Florida Bar No.: 0131180
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Stephen Biggie, Esquire
Florida Bar No.: 0084035
Ethan B. Babb, Esquire
Florida Bar No.: 127488
Attorneys for Plaintiff
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@wamalaw.com
Secondary Email: arcadier@wamalaw.com
Phone: (321) 953-5998
Fax: (321) 953-6075